**Rickey Orville BENTON, Petitioner-Appellant,**

**v.**

**STATE of Iowa, Respondent-Appellee.**

**No. 54913.**

Supreme Court of Iowa.

June 29, 1972.

Darrell Goodhue, Indianola, for appellant.

Richard C. Turner, Atty. Gen., C. Joseph Coleman, Asst. Atty. Gen., and Robert Gottschald, County Atty., for appellee.

PER CURIAM:

On October 7, 1970, Rickey Orville Benton, then retained at the Iowa State Penitentiary, filed an application for postconviction relief under chapter 1276, Acts of the 63rd General Assembly, Second Session. It is now chapter 663A, The Code, 1971. He moved the court to set aside his conviction and sentence on two charges of breaking and entering and one for jail breaking. On each charge he, with his court appointed attorney participating, entered a guilty plea in Warren County District Court on February 3, 1969. He was sentenced to terms not to exceed ten years

on each breaking and entering charge, to run concurrently. On the charge of jail breaking he was given a one year sentence to run consecutive to the other sentences. Apparently other pending charges against him were not prosecuted.

Counsel was appointed to represent petitioner, the State answered and a full evidentiary hearing was held. The testimony of petitioner was sharply contradicted by that of his former attorney, the sheriff and by the contents of his written plea of guilty to each charge.

The trial court found petitioner had been adequately represented; his plea of guilty to each charge was voluntarily made; no coercion or misrepresentation had occurred and that he had failed to carry his burden of proof on any issue.

Petitioner-appellant asserts the trial court's rulings were erroneous and that the sentencing judge had not adequately interrogated him in accordance with the standards of State v. Sisco, Iowa, 169 N.W.2d 542, or the prior applicable law.

The guilty pleas here involved are not governed by the standards enunciated in Sisco, as they were entered prior thereto. That decision is not to be applied retroactively. Melka v. Haugh, Iowa, 190 N.W.2d 834, 835, and citations. The standards imposed at the time the pleas were entered required they be voluntarily and understandingly made. Brewer v. Bennett, Iowa, 161 N.W.2d 749, 750, and citations.

■ Our review is on assigned errors and not de novo. If the trial court's findings of fact are supported by substantial evidence and are justified as a matter of law, we will not disturb the judgment entered. State v. Mulqueen, Iowa, 188 N.W. 2d 360, 362, and citations. The testimony of witnesses, the exhibits consisting of signed pleas of guilty together with the transcript of proceedings before the sentencing judge amply support the findings of fact in the case at bar.

The record discloses petitioner waived time and requested sentence be pronounced immediately after entry of each plea. Admittedly he received the sentences which the county attorney had agreed to and did recommend to the judge taking each guilty plea.

We have considered petitioner's contentions and find no reversible error.

Affirmed.

All Justices concur.