Mary Lou CARSTENS, Appellant,

v.

Laurel RANS, Superintendent of the Women's Reformatory, and the State of Iowa, Appellees.

No. 55968.

Supreme Court of Iowa.

Sept. 19, 1973.

John P. Roehrick, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Fred Haskins, Asst. Atty. Gen., and Clayton L. Wornson, Cerro Gordo Cty. Atty., for appellees.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REES and UHLENHOPP, JJ.

LeGRAND, Justice.

Petitioner, Mary Lou Carstens, was convicted of murder and sentenced to the Women's Reformatory for the term of her natural life, pursuant to section 690.3, The Code. On appeal, we affirmed that judgment. See State v. Carstens, 182 N.W.2d 119 (Iowa 1970). She now seeks relief by way of postconviction proceedings under chapter 663A, The Code. Since we find that petitioner has not stated grounds which entitle her to consideration under our postconviction relief act, we dismiss the appeal.

The only issue raised by petitioner is alleged error because the trial court failed to order a competency hearing before going forward with her trial on the murder charge despite circumstances which she asserts made that course mandatory under the provisions of section 783.1, The Code.

Our postconviction statute became effective in 1970. Since that time, we have considered it on numerous occasions, most recently in Horn v. Haugh, 209 N.W.2d 119, Iowa, filed July 3, 1973, which we believe controls the case now before us.

After setting out the grounds upon which postconviction relief may be granted, section 663A.2 then contains this statement:

"This remedy is not a substitute for nor does it affect any remedy, incident to the proceedings in the trial court, or of direct review of the sentence or conviction, Except as otherwise provided in this chapter, it comprehends and takes the place of all other common law, statutory, or other remedies formerly available for challenging the validity of the conviction or sentence. It shall be used exclusively in place of them."

This section must be considered together with section 663A.8, which is here set out:

"All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. *Any ground finally adjudicated or not raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence, or at any proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application*, unless the court finds a ground for relief asserted which, for sufficient reason, was not asserted or was inadequately raised in the original, supplemental, or amended application." (Emphasis added.)

In Horn v. Haugh, supra, we said our postconviction relief act is ordinarily not available to correct errors which should have been (but were not) raised at some previous stage of the proceedings.

Otherwise, a defendant could have numerous appeals, which is not the intent or purpose of the postconviction act. See State v. Wetzel, 192 N.W.2d 762, 764 (Iowa 1971).

 In the case now before us, defendant was on trial for murder. She alleged insanity at the time of the offense as an affirmative defense. At that time an inquiry was put to her and her counsel as to whether she was claiming incompetency to stand trial. To this, her attorney answered he was not "making any statements at all about that question." This does not preclude the defendant from raising that issue later since chapter 783, The Code, imposes on the trial court an independent obligation to order competency proceedings if there exist circumstances which raise a reasonable doubt on the matter. See Hickey v. Kossuth County, 174 N.W.2d 406, 409 (Iowa 1970) and State v. Thomas, 205 N. W.2d 717, 719 (Iowa 1973).

However, that does not touch the problem facing us here. After conviction, defendant appealed and failed to raise this issue as a ground for reversal. If she expected to rely on it, she was obliged to do so. She cannot now have a second appeal under the guise of asking postconviction relief. This is exactly what section 663A.2 forbids.

What we said in Horn v. Haugh, supra, is equally applicable here:

"Here petitioner's attempt to use postconviction relief as a substitute for the simple statutory remedy of lodging objections to trial court's instructions, motion for new trial, and direct appeal, violates section 663A.2, The Code."

In the case before us, too, petitioner seeks to use chapter 663A as a substitute for the simple—and adequate—statutory remedy of direct appeal. We hold she cannot do so.

Any other ruling would render meaningless what we said in State v. Wetzel and Horn v. Haugh, both supra, and would

permit a defendant to submit multiple grievances piecemeal rather than by a single comprehensive appeal.

Several other courts which have considered this question reached the same result. See Mitchell v. State, 229 Ark. 469, 477, 317 S.W.2d 1, 5, 6 (1958), cert. denied, 360 U.S. 913, 79 S.Ct. 1299, 3 L.Ed.2d 1262 (under a postconviction procedure act since repealed); Austin v. Director, Patuxent Institute, 237 Md. 314, 316, 206 A.2d 145, 147 (1965).

We hold petitioner has not stated grounds upon which she could secure postconviction relief. The trial court would have been justified in denying her petition for that reason. Her appeal is, therefore, dismissed.

Appeal dismissed.