STATE of Iowa, Appellee,

v.

Miguel Fernando DEANDA, Appellant.

No. 55889.

Supreme Court of Iowa.

May 22, 1974.

**650**

McCracken & Carlin, Davenport, for appellant.

Richard C. Turner, Atty. Gen., David M. Dryer, Asst. Atty. Gen., Edward N. Wehr, County Atty., and Thomas G. Schebler, Asst. County Atty., for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, REYNOLDSON and HARRIS, JJ.

HARRIS, Justice.

Defendant appeals his conviction of delivery of a controlled substance in violation of § 204.401(1)(b), The Code. We reverse and remand.

The charge arose from defendant's sale of marijuana to Davenport police officer William Lortz. Officer Lortz was working as an undercover agent with the Organized Crime Unit of the Davenport police department. His investigation began with the offer of a ride to a hitchhiker in Davenport. The hitchhiker was Raymond DeAnda, a brother of defendant. During the five minute ride the officer told Raymond he had recently been discharged from military service and was having difficulty obtaining marijuana. Raymond gave Officer Lortz his telephone number.

The officer telephoned the DeAnda home several times and arranged with Raymond for the purchase. The officer was directed to a public park to meet defendant where defendant sold him marijuana. In this appeal from his subsequent arrest and conviction defendant assigns numerous errors. Our opinion in State v.

Mullen, 216 N.W.2d 375 (Iowa 1974), filed during pendency of this appeal, necessitates a reversal because of the trial court's instruction on entrapment. Because of their importance in retrial we shall consider other assignments.

I. In State v. Mullen, supra, we adopted the objective test in considering whether an officer induced, or merely presented an opportunity for the criminal act. The test adopted in State v. Mullen was from the National Commissions Study Draft of a New Federal Criminal Code, § 702 (1970):

" 'Entrapment occurs when a law enforcement agent induces the commission of an offense, using persuasion or other means likely to cause normally law-abiding persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.' " 216 N.W.2d at 382.

Defendant makes three arguments on the question of entrapment. First he argues the trial court should have adopted the objective test and found as a matter of law he was entrapped. He next argues it was error to give the uniform jury instruction because it was tailored to the subjective rather than objective test. Finally he argues evidence of subsequent sales was improperly admitted on the question of predisposition.

■ The trial court was correct in refusing to find there was or was not entrapment as a matter of law. A trial court should make such a finding only where there is no dispute as to the facts or inferences to be drawn from them. In all other cases the question should be submitted to the jury. State v. Mullen, supra. The record shows there was a sharp dispute as to the operative facts and the inferences to be drawn from them. In this case it was not appropriate for the trial court to decide the entrapment issue as a matter of law.

■ The instruction given on entrapment was Uniform Jury Instruction 501.21

of the Iowa State Bar Association. Defendant is right in insisting the instruction was erroneous because it was squarely bottomed on the subjective test we later rejected in State v. Mullen. There is no hint in the instruction the jury should consider whether the police actions were so reprehensible that, as a matter of public policy, a conviction should not be tolerated. The uniform instruction ignores the factual evaluation to be undertaken on a case by case basis of possible " * * * prohibited governmental activity [which] might include extreme pleas of desperate illness, appeals based primarily on sympathy, pity or close personal friendship, and offers of inordinate sums of money. * * *." 216 N.W.2d at 383. Most of all, the uniform instruction erroneously fails to focus on the crucial question of what is likely to cause normally law-abiding persons to commit the offense. The giving of the instruction was error.

█ Over defendant's timely, specific and strenuous objections, the State introduced evidence of subsequent sales by defendant. It was erroneously received on the question of defendant's "predisposition" for the offense. Evidence of subsequent sales should have been excluded. Because the case must be reversed by reason of the entrapment instruction it is not necessary to consider the effect of a curative instruction. But see State v. Coffee, 182 N.W.2d 390, 392 (Iowa 1970).

█ II. Defendant argues he was entitled to a jury trial on his claim he was an accommodation seller under § 204.401, The Code. He also argues that section is unconstitutional because it places the burden of proof on the accused. These claims were decided adversely to defendant in State v. Vietor, 208 N.W.2d 894 (Iowa 1973). In State v. Frank, 214 N.W.2d 915 (Iowa 1974) we declined to reconsider our holding in State v. Vietor. We again decline to do so.

█ III. Defendant sought to examine Officer Lortz's police reports. On cross-examination the officer testified he daily prepared a report of his investigations. Under a procedure intended to comply with that prescribed in State v. White, 260 Iowa 1000, 151 N.W.2d 552 the trial court examined the material with the prosecutor. In State v. White we provided for an in camera hearing in the belief courts in this state should adopt and provide a procedure in such matters similar to that which obtains in federal courts under the Jencks Act (18 U.S.C.A. § 3500). The in camera hearing should be held during trial recess, immediately after demand is made for the materials. On appeal defendant assigns separate errors. One is addressed to the conduct of the in camera hearing, and one is addressed to the trial court's refusal to allow him the materials.

█ Defendant urges his attorney should have been allowed at the hearing to examine the materials themselves in order to participate as counsel in the judge's determination of whether the materials should be made available. It must be conceded an accused may feel little profit to him in the privilege of having his lawyer present while the judge examines police records. It should also be observed there would often be no harm in allowing defense counsel to actively participate in the examination. On the other hand the trial judge has the task of balancing the interests of the accused and the interests of the law enforcement agencies. In some cases the safety of an informer might well be involved. At hearings where the trial court declines to allow defense counsel to view the materials the presence of such counsel can nevertheless satisfy any defendant's fear as to the integrity of the record for any later appeal.

█ Issue is also joined as to the precise extent of the materials to be shown defense counsel. Defendant believes availability extends to all matters *germane* to the subject matter of the testimony of the witness. The State believes availability is limited to those materials which might be

*inconsistent* with the witness's testimony. State v. White, supra; State v. Mayhew, 170 N.W.2d 608 (Iowa 1969); State v. Mayhew (second case), 183 N.W.2d 723 (Iowa 1971); State v. Houston, 209 N.W. 2d 42 (Iowa 1973). We do not believe any of these holdings have limited the scope of availability of such materials. In some cases defendant's counsel sought only inconsistent materials. We hold the trial court should make available to defendant's counsel anything germane to the trial. Availability should not be limited to those matters thought to be inconsistent with the witness's testimony.

■ We believe the materials sought in this case were germane to the subject matter of the testimony of the witness. They should not have been withheld because they were thought not to be inconsistent with the witness's testimony.

■ IV. Defendant challenges the accommodation hearing on two grounds. We believe only one is appropriate for comment because the basis for the other is unlikely to recur in the event of another such hearing.

Defendant argues an accommodation sale was clearly shown. He points out a stipulation that the cost of marijuana or hashish was between $5 and $10 per gram on the illicit street market. Testimony indicated this sale was made at $5 per gram. Defendant testified he made no profit from the sale but sold it to the arresting officer to "get him off his back." There was no evidence indicating defendant was regularly engaged in drug traffic.

Whether or not the record supports defendant's assertions we believe the trial court's conclusion on accommodation should not be reversed on the present record. We considered accommodation hearings in State v. McGranahan, 206 N. W.2d 88 (Iowa 1973). We held:

" * * * The hearing was held at which defendant alone testified. He outlined the claim he was prompted in the

transaction only as a favor or accommodation to the purchaser. The trial court denied the application. The findings of the trial court have the effect of a jury verdict. (Citation). The trial court was not bound to accept defendant's testimony because it was not contradicted. (Citation). The trial court was even less required to consider defendant's testimony clear and convincing. * * *." 206 N.W.2d at 93.

V. Defendant's various other assignments present questions not likely to recur upon retrial.

Reversed and remanded.