**Charles Willie HOWARD, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 2–59043.**

Supreme Court of Iowa.

Dec. 15, 1976.

James L. Wagner, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., and David H. Correll, County Atty., for appellee.

Submitted to MOORE, C. J. and MASON, LeGRAND, UHLENHOPP and McCORMICK, JJ.

LeGRAND, Justice.

Charles Willie Howard was convicted of possession of heroin with intent to deliver in violation of Chapter 148, § 401.1(a)(1), Laws of the 64th G.A. (1971), which appears as § 204.401.1(a)(1), in the 1973 Code. He was sentenced to a term of not more than 10 years in the penitentiary.

Although he filed a timely notice of appeal, the appeal was later abandoned. He now seeks relief by postconviction application under Chapter 663A, The Code. Following a hearing, the trial court denied his application and we affirm.

This appeal raises only one narrow issue. Petitioner claims he was denied a fair trial because the court denied him the right to impeach Roosevelt Nabors, a professional informant, who was the State's most important witness. Originally petitioner also claimed he should have a new trial because of newly discovered evidence. He does not argue that in his brief nor does he cite any authority to support it. We therefore deem it waived. *Newman v. Indianola*, 232 N.W.2d 568, 574 (Iowa 1975).

The issue before us arose in this way. At trial the State expected to prove petitioner's guilt principally by the testimony of Nabors, the informant already referred to, whom the State had employed to obtain evidence against drug users in Black Hawk County. One of the State's witnesses was a Waterloo police officer. On direct examination, he testified the State had employed Nabors as an informant after interviewing him in Chicago, apparently finding he satisfied the State's requirements—"someone who was black, honest, reliable and experienced." On cross-examination the officer testified that Nabors had worked for the Michigan State Narcotics authorities; that he had a felony conviction for rape; that he was arrested in Waterloo on a charge of conspiracy to commit armed robbery.

Defense counsel then sought to question the officer concerning certain newspaper accounts of Nabors' activities in Muskegon, Michigan, where the informant was employed by the Detroit Federal Narcotics Task Force.

On the State's motion made out of the presence of the jury, the trial court refused to permit this line of questioning. Counsel concedes the purpose of this testimony was to impeach Nabors. In its ruling, the court stated cross-examination of the officer was an improper method of impeaching Nabors, who had not yet testified. The court also

stated he was making no ruling as to the extent to which Nabors himself could be cross-examined with respect to his prior conduct, adding that a broad scope of cross-examination would undoubtedly be permitted.

The only ruling to which objection is made here is the refusal to permit cross-examination of the police officer concerning Nabors' conduct during a Michigan investigation for impeachment purposes. When Nabors later testified, there was no attempt to cross-examine him about this matter, nor was there any effort then to impeach him by other testimony.

In effect, petitioner's argument is that he should have been permitted to bring out impeachment testimony in his own way at a time of his own choosing.

■ We find no prejudicial error in the trial court's ruling. Until a person has testified, his credibility is not an issue. This gives rise to the rule that a witness may be impeached only *after* he has testified. We passed on this question in *Conkling v. Conkling,* 185 N.W.2d 777, 782 (Iowa 1971), where we said:

"[N]o error appears in the rulings for the testimony was intended to discredit defendant as a witness whereas defendant had not yet testified. 'The proper time for impeaching the credit of a witness is after he has been examined, and evidence is not admissible to impeach a person who has not yet been introduced, sworn, or examined as a witness.' 98 C.J.S. Witnesses § 481 at 364."

Because petitioner places almost total reliance on *Johnson v. Brewer,* 521 F.2d 556 (8th Cir. 1975), we discuss the circumstances of that case extensively to demonstrate why it is distinguishable from the facts now before us.

*Johnson v. Brewer, supra,* arose out of another narcotics prosecution in Black Hawk County. On appeal from his conviction we affirmed the judgment against Johnson. *State v. Johnson,* 219 N.W.2d 690 (Iowa 1974). Johnson's conviction resulted from the testimony of the same police officer and the same informant who are so important in the present case. During the *Johnson* trial, Nabors gave testimony which defense counsel wanted to impeach by showing he had lied and helped "frame" a defendant in Michigan under almost identical circumstances. The trial court ruled this testimony inadmissible because it was collateral and immaterial.

After his conviction was affirmed by this court, Johnson filed a *habeas corpus* petition in federal court. He was unsuccessful at the district court level, but on appeal the 8th Circuit reversed with instructions that Johnson either be tried anew or discharged. The opinion contained this comment:

"The exclusion of the [impeachment] testimony proffered as to the attempt by the informant-witness, the only witness to the alleged crime, to frame another defendant in a precisely parallel case went beyond a mere error in the introduction of evidence. What is actually asserted is governmental conduct which, if true, is both inexplicable, and violative of due process." 521 F.2d at 562.

Petitioner argues vigorously that this case is identical with *Johnson.* Indeed it would be except for one decisive difference which controls our decision.

In *Johnson* the defendant was *denied* his right to impeach Nabors. In the present case that right was only *delayed* until Nabors had put his credibility on the line by becoming a witness.

Petitioner's problem arises from his failure to then renew his attack on Nabors' credibility, a course pointedly suggested by the trial court's earlier ruling.

It might be argued, although petitioner does not do so nor did he do so at trial, that the attempted cross-examination was proper to refute the officer's testimony on direct that Nabors was "honest and reliable." The only reason urged is that it was proper for impeachment, and we have considered it in that light here.

■ Even if we were to find the cross-examination should have been allowed, the error would not entitle petitioner to post-

conviction relief. Under the ruling complained of, petitioner could have introduced later the evidence excluded upon the officer's cross-examination. Instead petitioner's trial counsel (not the same as his present counsel) abandoned any effort to introduce what is now said to have been so vital to his defense that a new trial should be granted.

For the reasons stated, the judgment is affirmed.

AFFIRMED.