**Ronnie Gene BLEDSOE, Appellant,**

v.

**The STATE of Iowa, Appellee.**

**No. 2–59830.**

Supreme Court of Iowa.

Aug. 31, 1977.

W. H. Gilliam, of Mattson & Gilliam, P. C., Waterloo, for appellant.

Richard C. Turner, Atty. Gen., and David H. Correll, County Atty., for appellee.

HARRIS, Justice.

This application for postconviction relief followed petitioner's conviction by his plea of guilty to the crime of breaking and entering in violation of § 708.8, The Code. The trial court denied postconviction relief because the petitioner failed to show why the grounds he now asserts were not asserted in a prior appeal to this court. We affirm the trial court.

Petitioner's guilty plea was first offered November 12, 1974. A second guilty plea was entered January 16, 1975 to the same charge. After an extensive record discussion with petitioner the trial court accepted the second guilty plea. Thereafter petitioner filed notice of appeal to this court. After the appeal was docketed petitioner's counsel filed an application for permission to withdraw under court rule 16.[1] Petitioner's counsel (not the counsel appearing in these proceedings) stated in support of his application that the appeal was not merito-

---

1. Since July 1, 1977, rule 104 of the court rules.

rious. Petitioner was notified of the application and did not respond and did not request that his appeal be continued. On July 1, 1975 we dismissed petitioner's original appeal.

On November 3, 1975 petitioner filed this application for postconviction relief alleging he had been ill from the time of his arrest until the time his plea was entered and was incompetent to make a knowledgeable and voluntary plea because of his physical condition. He alleged he entered the plea because he believed all his prior sentences and convictions would be lumped into one concurrent sentence and believed he would be provided psychiatric care during incarceration. He further claimed he was in fear of his life and great bodily injury from his incarceration in the county jail at the time of the guilty plea proceeding and was exposed to violence and near death because of fire and suffocation. He concluded he entered his plea for the sole reason of getting out of the county jail. The State denied petitioner's allegations and affirmatively alleged his guilty plea was made knowingly, intelligently, and voluntarily.

Hearing was held on petitioner's postconviction application. At this hearing petitioner complained of such things as cold, flu, skin irritation, tooth trouble, and a rundown feeling from possible undernourishment. Certain other testimony was offered to support petitioner's contention he believed he was in danger from other inmates in the county jail at the time.

Relying principally on *Horn v. Haugh*, 209 N.W.2d 119, 120–121 (Iowa 1973) and *Rinehart v. State*, 234 N.W.2d 649, 655–658 (Iowa 1975) the trial court denied postconviction relief. The trial court pointed out:

"In this case it was not developed at the hearing on the postconviction relief whether grounds now asserted by the defendant were asserted in the appeal to the Iowa Supreme Court. However, assuming that they were not * * * the defendant had the burden of proving a sufficient reason why the grounds he now asserts were not previously asserted. In this case the court concludes the defendant has failed to sus-

tain his burden of proof necessary to bring him within the provisions of the last phrase of section 663A.8 of the Code. The court, therefore, concludes that the defendant's application for postconviction relief should be denied."

I. Our scope of review for postconviction proceedings was summarized in *Rinehart*, supra, 234 N.W.2d at 658 as follows:

"Postconviction review proceedings in this jurisdiction stand as an action at law, triable to the court. (Authority). Ordinarily, in such proceedings our review is not de novo. (Authority). However, when * * issues as to violation of constitutional safeguards are raised this court is obliged to make an independent evaluation of the totality of the relevant circumstances shown by the entire record under which rulings on those constitutional rights were made. That is, when a constitutional issue is presented, the evidence relevant to the issue is reviewed de novo. (Authorities)."

In the instant case we are not called upon to answer any constitutional question. Nor is a review of the facts crucial for determination of this appeal. The legal question presented is one of pure statutory construction. The controlling statute is § 663A.8, The Code, which provides:

"All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application."

Chapter 663A is Iowa's adoption of the Uniform Postconviction Procedure Act. We have interpreted § 663A.8 in a number of cases. *State v. Boge*, 252 N.W.2d 411 (Iowa 1977); *Rinehart*, supra; *Carstens v. Rans*, 210 N.W.2d 663 (Iowa 1973); *Horn*,

supra. Under these authorities, particularly under *Rinehart*, we require a party in a postconviction proceeding who asserts any ground for relief not previously asserted in any attempt to secure relief from his conviction to show why. That is, the petitioner has the burden of proof to establish a sufficient reason why any new ground now asserted was not previously asserted. This rule has been criticized on the claim it violates the principles announced in *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). *Rinehart v. Brewer*, 421 F.Supp. 508 (S.D.Iowa 1976). We are not inclined to modify the rule announced in *Rinehart*, particularly in view of the recent pronouncement of the United States Supreme Court in *Wainwright v. Sykes*, ── U.S. ──, 97 S.Ct. 2497, 53 L.Ed.2d 594 (filed June 23, 1977).

In *Boge*, supra, 252 N.W.2d at 414–415, we found sufficient reason appeared in the record to excuse a postconviction petitioner's failure to previously raise an issue. The record in this case reveals no such justification.

Under this rule the trial court was right in holding the petitioner's claim was barred because of his failure to sustain his burden of proving why the grounds he now asserts were not urged in his earlier appeal to this court.

Petitioner seeks to circumvent the effect of the rule because of the failure of the State to plead he had such a burden of proof in this postconviction proceeding. On the basis of language contained in *Hack v. Auger*, 228 N.W.2d 42, 44 (Iowa 1975) petitioner believes the State should be required to plead the petitioner's failure to sustain his burden in order to rely upon it as a bar. The difficulty with this argument is that the interpretation petitioner hopes for in *Hack*, supra, was not borne out in our opinion in *Rinehart*, supra. *Rinehart* holds the failure is a bar notwithstanding the absence of any claim in the pleadings. Under *Rinehart* the burden of proof is placed on petitioner to excuse his failure to raise a defense in a prior proceeding. Upon his failure to sustain that burden he is barred and the bar does not need to be pleaded in order to be effective.

For all the foregoing reasons the judgment of the trial court must be and is hereby affirmed.

AFFIRMED.

All Justices concur except McCORMICK, RAWLINGS, and LeGRAND, JJ., who dissent.

McCORMICK, Justice (dissenting).

The first question here is whether a trial court may on its own motion after the record is closed in a postconviction proceeding dismiss the petition because of the petitioner's failure to plead or prove sufficient reason for failing to raise his postconviction contention on direct appeal when the issue of sufficient reason was not pled or litigated in the postconviction court. The second question is whether in any event sufficient reason appears on the face of the record in this case for the petitioner's failure to urge the contention on direct appeal.

I. In *Hack v. Auger*, 228 N.W.2d 42, 44 (Iowa 1975), we suggested the State may be foreclosed from resisting a postconviction petition on the ground of abuse of process when it has not raised the issue in its answer. We said:

> The purpose of this rule is to permit the petitioner to show cause why an issue which should have been raised was not. Perhaps he can justify such failure if given the opportunity to do so.

Until today this court has not had occasion to decide whether this rule should be adopted. The question was not decided in *Rinehart v. State*, 234 N.W.2d 649 (Iowa 1975), as alleged in the court's opinion. Instead the court in *Rinehart* simply held the postconviction court in that case had conducted a factual hearing on the issue of "sufficient reason". The court also held the petitioner had the burden of proof on that issue, which he did not sustain. See 234 N.W.2d at 657–658. The court did not decide who had the obligation to plead the issue. Assignment of burden of proof is not an issue here.

In this case the issue of sufficient reason was neither pled nor litigated. The fact of a prior appeal was not even mentioned in the postconviction hearing. It was mentioned only in the State's trial brief. We must therefore decide for the first time who has the burden to raise the preclusion issue in the postconviction proceeding. Upon the reasoning and authorities in *Hack v. Auger*, supra, I would hold the State has the obligation to plead the issue. When it has not done so, and when the issue has not actually been litigated by the parties as in *Rinehart*, I would hold the court may not dismiss the postconviction petition on the ground of the petitioner's failure to prove sufficient reason for not asserting his postconviction contention on direct appeal. Because the trial court dismissed the petition on this ground here, I would reverse and remand for determination of the postconviction action on its merits on the present record.

I do not intimate how the merits of the petition should be decided because I believe the determination should be made in the first instance by the postconviction court. The present appeal does not involve any issue regarding the merits of petitioner's postconviction claim.

II. Even if the court is right in holding a postconviction court may dismiss the petition on the abuse of process ground after the record has been closed in cases like this where the issue has not been pled or litigated, I believe the present record shows sufficient reason for the petitioner's failure to urge his postconviction contention on direct appeal. The record of the postconviction hearing shows he relies on evidence which was not in the record of his conviction in alleging his plea of guilty was defective. He had no record upon which to raise the issue on direct appeal. This is precisely why the postconviction hearing was necessary and why hearings were required in analogous situations by the Supreme Court in *Fontaine v. United States*, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973), and by this court in *State v. Boge*, 252 N.W.2d 411 (Iowa 1977).

In *Boge* we said, "[W]e decline to hold that the burden of proving sufficient cause should result in a dismissal merely because no allegation of sufficient cause appears in the petition." 252 N.W.2d at 414–415. We also said, "Where, as here, the record demonstrates in itself sufficient reason for petitioner's failure to adequately raise an issue previously, petitioner need not plead or offer further proof to assure an adjudication on the issues." 252 N.W.2d at 415. As in *Boge* the ground urged in the postconviction petition here depends on evidence *dehors* the record of conviction. Here, as there, we should recognize the record shows on its face sufficient reason for his failure to raise this ground on direct appeal.

The case should be reversed and remanded for determination of the merits of his contention.

RAWLINGS and LeGRAND, JJ., join in this dissent.