**Robert M. SCHMIT, Appellant,**

v.

**Billie H. TOWNSEND, Appellee.**

**No. 3437.**

Supreme Court of Alaska.

April 7, 1978.

---

Eugene V. Miller, Fairbanks, Daniel T. Saluri, Johnson, Christenson & Glass, Fairbanks, for appellant.

Millard F. Ingraham, Rice, Hoppner & Hedland, Fairbanks, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

## OPINION

MATTHEWS, Justice.

Townsend sued Schmit for wages earned while working in Schmit's establishment—a bar, restaurant and pawn shop in Fairbanks. Townsend also sought reimbursement for certain loans he had made to Schmit. Schmit counterclaimed, seeking damages for mismanagement of the business and misappropriation of business assets which he had left in the hands of Townsend for a month due to a medical emergency. The court, sitting without a jury, awarded judgment to Townsend and dismissed Schmit's counterclaim.

Schmit's first point on appeal is that "the court erred in not considering [Townsend's] misconduct and utilization of [Schmit's] property for his own use while [Schmit] was sick and away from his business." The court plainly considered evidence pertaining to Schmit's counterclaim and made oral and written findings pertaining to it. If Schmit meant to argue something else on appeal, we are unable to perceive what it was, for his brief makes no effort to identify the question for decision.

Schmit's second point on appeal is that the findings of the Superior Court dismissing his counterclaim were clearly erroneous. It is apparent from the trial court's decision that Schmit's counterclaim was rejected because his testimony regarding the monetary·loss he suffered due to Townsend's alleged misappropriation and mismanagement was not believed. Although Schmit testified that certain goods were missing, he produced no inventory of stock on hand at the time Townsend began managing the business or at the time Townsend turned it back to him. Schmit testified that cash receipts, cash register tapes, ledger books and other similar accounting records which would substantiate his claim were available, but he produced none at trial. The court was not obliged to credit

Schmit's vague testimony concerning his losses in light of his failure to produce more satisfactory evidence which he had the power to produce.[1]

■ Schmit's third point relates to the exclusion of his testimony concerning some 54 firearms which were allegedly missing from his pawn shop due to the wrongful conduct of Townsend. At trial, Schmit was asked to state how much money he had loaned on the firearms.[2] An objection was made that the pawn records would be the best evidence of those transactions, and the objection was sustained. The best evidence rule was not an appropriate basis for excluding appellant's testimony.

The best evidence rule is that 'in proving the terms of a writing, where the terms are material, the original writing must be produced unless it is shown to be unavailable for some reason other than the serious fault of the proponent.' *Davis v. McCall*, 568 P.2d 956, 959 (Alaska 1977) *quoting* C. McCormick, *Handbook of the Law of Evidence* § 230 at 560 (2d ed. 1972).

Here, Schmit was not asked to prove the terms of a writing; he was asked to testify, based on his personal knowledge, about the amount of money he loaned on each gun.

The fact that there might be a writing which is more reliable than his memory of these transactions does not preclude his testimony.

■ Nevertheless, the error was harmless for two reasons. First, the testimony sought, and excluded, had earlier been admitted without objection. Schmit testified that he typically loaned from $80 to $100 on each firearm. Second, it is plain that the court did not believe Schmit's testimony that 54 firearms were missing. The exclusion of evidence of their value, therefore, could not have affected the court's decision. Detailed records concerning the purchase, sale, and pawning of every firearm must be made and kept as a matter of law.[3] If, in fact, firearms had been taken from Schmit, those records would supply strong corroborative evidence. No satisfactory explanation for their non-production was presented; in the absence of those records, the court was not required to believe Schmit's testimony that the firearms were missing.

AFFIRMED.

1. *Compare* Civil Rule 51(b)(4) which provides that the trial court shall instruct the jury on all proper occasions:

(4) That evidence is to be estimated not only by its own intrinsic weight, but also according to the evidence which it is in the power of one party to produce and of the other party to contradict; and if weaker and less satisfactory evidence is offered, when it appears that stronger and more satisfactory evidence was within the power of one party to produce, that the evidence offered should be viewed with distrust.

2. The question was asked twice, in somewhat different forms; Schmit gave a partial answer to the first question before being interrupted by the objection:

Q Now, could you tell the court what those guns were worth, how much money you had in them, those 54 rifles, pistols?
A Well, they would run  .  . ..
Q Could you tell us the approximate amount of money that you loaned on rifles and pistols that you took into hock?

The partial answer to the first question, and the second question itself both show that the testi-

mony excluded would be an estimate. No offer of proof was made as provided by Civil Rule 43(c).

3. AS 08.76.010 provides:

*Transactions to be entered in book kept at place of business.* A person engaged in the business of buying and selling secondhand articles, or lending money on secondhand articles, except a bank, shall maintain a book, in permanent form, in which he shall enter in legible English at the time of each loan, purchase or sale

(1) the date of the transaction;
(2) the name of the person conducting the transaction;
(3) the name, age and address of the customer;
(4) a description of the property bought or received in pledge, which includes for any firearm, watch, camera or optical equipment bought or received in pledge, the name of the maker, the serial, model or other number, and all letters and marks inscribed;
(5) the price paid or amount loaned;
(6) the signature of the customer.