Jerome LeRoy STANFORD, Appellant,

v.

The IOWA STATE REFORMATORY, Anamosa, Iowa, Calvin Auger, Warden, Appellee.

No. 60201.

Supreme Court of Iowa.

May 30, 1979.

W. H. Gilliam of Mattson & Gilliam, P. C., Waterloo, for appellant.

Thomas J. Miller, Atty. Gen., Lona J. Hansen, Asst. Atty. Gen., and David H. Correll, County Atty., for appellee.

Considered by REYNOLDSON, C. J., and REES, McCORMICK, McGIVERIN and LARSON, JJ.

REES, Justice.

This case is another in a series of appeals arising from convictions for drug-related offenses in the Black Hawk District Court, all of which arose from the use by the prosecution of an informant, one Roosevelt Nabors. *See Howard v. State,* 248 N.W.2d 108 (Iowa 1976), and *State v. Johnson,* 219 N.W.2d 690 (Iowa 1974). The appellant, Jerome LeRoy Stanford, was convicted in 1973 of having made an alleged sale of heroin to Nabors. In 1975 Stanford filed his application for post-conviction relief pursuant to chapter 663A, The Code, 1975. The trial court denied relief and upon appeal that ruling was affirmed by the Court of Appeals. Stanford then successfully petitioned this court for further review of the decision of the Court of Appeals.

In his application, Stanford asserted the following grounds for relief:

(1) The trial court erred in refusing to permit Stanford to reopen his case to pursue and present potential evidence regarding Nabors' alleged implication of innocent persons while he was acting as an informant in the state of Michigan.

(2) The prosecution at the original trial withheld "exculpatory evidence" from the defense, i. e., evidence that Nabors had implicated innocent persons in Michigan drug prosecutions.

(3) The dismissal of criminal charges against Nabors approximately one year after Stanford's trial constitutes "newly discovered evidence" justifying the granting of a new trial. These arguments, which were rejected by the trial court, arose in the following context. After the close of evidence in Stanford's 1973 trial, but before the case was submitted to the jury, Stanford made a motion to reopen his case, contending he had just learned, through a Michigan newspaper article, of Nabors' allegedly unreliable performance as an informant in Michigan. Stanford's counsel requested time to pursue and present evidence on the subject of Nabors' purported implication of innocent persons in Michigan. The trial court denied Stanford's motion.

Stanford filed a direct appeal from his conviction. On petition of Stanford's counsel, the appeal was dismissed as frivolous pursuant to former Supreme Court Rule 16, now Iowa Rule of Appellate Procedure 104. Stanford resisted the dismissal.

At the time Nabors testified against Stanford, charges of armed robbery and conspiracy were pending against him in Black Hawk County. In 1974, more than a year after Stanford's conviction, the charges against Nabors were dismissed.

Stanford perfected a timely appeal from the denial of postconviction relief. After the case was transferred to the Court of Appeals, a limited remand was ordered. The district court was directed to conduct an in camera examination, in the presence of counsel for the State and Stanford, of the Department of Public Safety records regarding Nabors, and to render supplemental findings determining whether the prosecution had possessed evidence about Nabors which was exculpatory to Stanford, and whether Nabors' testimony was secured in whole or in part by an agreement not to prosecute the charges pending against Nabors. The district court found nothing in the record to indicate that Nabors had testified in return for an agreement not to prosecute him, or that the State had possessed and withheld evidence exculpatory to Stanford. In conducting the examination, the court did not allow counsel to view the records due to the ongoing nature of the investigations relating to the content of the files and the literal language of the remand order, but did describe their content as he reviewed the files. Stanford excepted to this procedure.

The Court of Appeals affirmed the denial of post-conviction relief, with two judges dissenting. We then granted Stanford's petition for further review. The particular rulings of the Court of Appeals will be discussed under the relevant issue headings.

The following issues are presented for review:

(1) In conducting the in camera examination on remand, did the trial court err in viewing the relevant files in the presence of counsel without their active participation in the process?

(2) Does the record disclose the State possessed and withheld evidence from Stanford regarding Nabors' performance as an informant in Michigan?

(3) Did the dismissal of charges pending against Nabors constitute "newly discovered evidence" justifying or mandating post-conviction relief?

(4) Is Stanford barred from raising the issue of the denial of his motion to reopen testimony to introduce further evidence due to the dismissal of his direct appeal pursuant to Supreme Court Rule 16?

(5) If Stanford is not so barred, did the trial court err in not permitting Stanford to reopen his case to pursue and present evidence regarding Nabors' purported accusation and implication of innocent persons in Michigan?

■ As a preliminary matter, we note that one seeking post-conviction relief is required to establish the facts asserted by a preponderance of the evidence. *Watts v. State*, 257 N.W.2d 70, 71 (Iowa 1977). If the trial court's findings of fact in support of its judgment denying post-conviction relief are supported by substantial evidence and are justified as a matter of law, the reviewing court will not disturb the judgment. *Benton v. State*, 199 N.W.2d 56, 57 (Iowa 1972). Where there is an alleged violation of a constitutional safeguard, we will make our own evaluation of the totality of the circumstances under which the post-conviction court ruling was made. *State v. Lemburg*, 257 N.W.2d 39, 45 (Iowa 1977).

I. Because it involves the adequacy of the record for this appeal, we will first address the issue of the manner in which the trial court conducted its in camera inspection of the Department of Safety files concerning Roosevelt Nabors, as directed by the Court of Appeals. The hearing was held in the presence of counsel for the State and Stanford, but without their direct participation. The presiding judge orally described the contents of the files and allowed Stanford's counsel to have copies of those items which counsel thought might be of benefit to the petitioner. Both the trial court and the Court of Appeals held that the State did not have to show the files to be privileged to preclude full participation by counsel in the inspection, and that no error resulted. We agree.

■ The question of the extent of participation by counsel in in camera examinations of documents has been considered several times by this court. *State v. Deanda*, 218 N.W.2d 649, 651 (Iowa 1974); *State v. Mayhew*, 170 N.W.2d 608, 614 (Iowa 1969). In *State v. Deanda*, at 651 of 218 N.W.2d, we said:

Defendant urges his attorney should have been allowed at the hearing to examine the materials themselves in order to participate as counsel in the judge's determination of whether the materials should be made available. It must be conceded an accused may feel little profit to him in the privilege of having his lawyer present while the judge examines police records. It should also be observed there would often be no harm in allowing defense counsel to actively participate in the examination. On the other hand the trial judge has the task of balancing the interests of the accused and the interests of the law enforcement agencies. In some cases the safety of an informer might be involved. At hearings where the trial court declines to allow defense counsel to view the materials the presence of such counsel can nevertheless satisfy any defendant's fear as to the integrity of the record for any later appeal.

Absent a showing of abuse of discretion, a trial court will not be held to have erred in making such a determination.

■ Here Stanford sought access to the files of the Bureau of Criminal Investigation concerning or mentioning the informant Nabors. Included were files relating to suspected drug traffickers, as well as general data concerning the drug situation in the Waterloo vicinity. Due to the fact that information concerning ongoing police investigations was contained in the files, the trial court operated well within the permissible range of its discretion. We note with approval the manner in which the hearing was conducted; the presiding judge describing the references to Nabors in the documents and making available to counsel those documents in which counsel expressed interest. Such accommodation is consistent with, if not beyond, that required by the federal Jencks Act, 18 U.S.C. 3500,[1] and does much to further the interests of both the State and the defendant.

As we find no error in the court's hearing on remand, we now proceed to a consideration of the merits of petitioner's remaining contentions.

■ II. Stanford contends the prosecution and state law enforcement officials withheld requested exculpatory evidence from him and his counsel. Specifically he contends that the prosecution and the Bureau of Criminal Investigation knew of Nabors' history of having allegedly implicated innocent people when working as an informant in Michigan. It is clear that withholding exculpatory evidence, regardless of the good or bad faith of the prosecution, is a violation of due process "where the evidence is material either to guilt or to punishment," *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215, 218 (1963); *State v. Peterson*, 219 N.W.2d 665, 674 (Iowa 1974).

■ Stanford contends the State knew or should have known of Nabors' alleged Michigan misconduct and failed to produce such information on request. The trial court and the Court of Appeals found that the record disclosed no knowledge on the part of the State of the precise nature of Nabors' activities in the Muskegon area while acting as an informant for Michigan authorities. Our examination of the records of the Department of Safety, Narcotics and Drug Enforcement Division, leads us to a like conclusion. A defendant's request for exculpatory evidence must be for information which the State possesses, *State v. Hummell*, 228 N.W.2d 77, 81 (Iowa 1975).

Iowa drug enforcement officials met with Michigan officials acting in similar capacities when considering acquiring the services of Nabors as an informant. Any difficulties with Nabors' performance were termed by the Michigan authorities as "political," there being no mention of instances of misconduct in Nabors' Iowa file. The record does not disclose any suppression of exculpatory evidence by the State. The trial court did not err in denying relief. *State v. Paulsen*, 265 N.W.2d 581, 588 (Iowa 1978).

III. Stanford next contends the post-conviction trial court erred in not finding Nabors' testimony to have been secured in whole or in part by an arrangement for the dismissal of the charges of conspiracy and robbery which had been lodged against Nabors. The charges against Nabors were not dismissed until well over a year after Stanford's trial.

■ Evidence newly discovered after trial is a permissible basis for post-conviction relief as provided in § 663A.2(4), The Code. We have held that three elements must be established before a new trial will be granted pursuant to § 663A.2(4). *State v. Sims*, 239 N.W.2d 550, 554–555 (Iowa 1976). They are: (1) the evidence in ques-

---

1. While the Jencks Act is not cast in constitutional terms, *United States v. Augenblick*, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969), and we are not, therefore, bound by its language, *State v. Kelly*, 249 Iowa 1219, 1221, 91 N.W.2d 562, 563 (1958), we have at times en- dorsed a similar procedure regarding the impeachment of government witnesses. *See Deanda; Mayhew; State v. Galloway*, 167 N.W.2d 89, 91–93 (Iowa 1969); *State v. White*, 260 Iowa 1000, 1007 151 N.W.2d 552, 556 (1967).

tion could not have been discovered before judgment in the exercise of due diligence; (2) the evidence is material to the issue and not merely cumulative or impeaching; and (3) its admission would likely change the result if a new trial were granted.

The dismissal of the charges against Nabors clearly meets the first criterion.

■ It is with regard to the second and third *Sims* requirements that we conclude the trial court properly found Stanford not to have met the requisite burden of proof. While criminal charges pending against an informant are indeed material to a case in which he or she is testifying, considerable evidence was presented to the jury relating to the filing and pendency of the charges and the jury was thus permitted to evaluate the credibility of the informant in light of potential influence or prejudice, it is difficult to characterize the subsequent dismissal of charges as other than cumulative or impeaching. Additionally, the district court on remand found no indication in the files which it examined of any collusion between the State and Nabors pertaining to his testimony. There are numerous reasons why charges may be dismissed, such as the strength or weakness of the case against an individual. Absent some showing of a causal relationship between the dismissal of charges and Nabors' testimony, dismissal alone, in these circumstances, is clearly cumulative of the existing record and would likely not change the result were a new trial to be granted.

IV. Stanford next claims he is entitled to post-conviction relief because the original trial court denied his motion to reopen testimony. The motion was made after the close of the evidence and before the case was to go to the jury. The Court of Appeals determined that Stanford was precluded from raising this ground by § 663A.8[2] because he failed to raise the

issue on direct appeal. Stanford did appeal his conviction, but before the issues were stated the appeal was dismissed as frivolous, upon the petition of counsel and over Stanford's objection, under then Supreme Court Rule 16 (now R.App.P. 104). For the reasons stated below, we find the petitioner is not barred from presenting this issue in a post-conviction proceeding.

The Court of Appeals based its ruling upon the general proposition that a postconviction applicant has the burden to establish sufficient reason why any ground for relief had not previously been asserted on direct appeal. *Bledsoe v. State*, 257 N.W.2d 32, 33–34 (Iowa 1977). Petitioner cites *State v. Boge*, 252 N.W.2d 411, 413 (Iowa 1977) as authority that the dismissal of an appeal pursuant to former Supreme Court Rule 16 is not an adjudication for purposes of a later post-conviction proceeding. Both cases involved rule 16 dismissals.

■ Our resolution of this issue is aided by pertinent language in *Redding v. State*, 274 N.W.2d 315, 317 (Iowa 1979), where, in discussing the *Bledsoe* standard, we said:

However, this burden does not exist when the conviction has not previously been attacked. A failure to take an appeal does not alone constitute a waiver of the right to attack the conviction by postconviction action. Failure to appeal bars relief in a postconviction action on the ground of abuse of process only as to factual and legal contentions which the postconviction applicant knew of at the time of the original trial court proceeding and which he deliberately and inexcusably failed to pursue on appeal. *Horn v. Haugh*, 209 N.W.2d 119, 120–121 (Iowa 1973) (approving ABA Standard, Post-Conviction Remedies, § 6.1(c)).

Since under *Boge* a rule 16 dismissal is not an adjudication for purposes of subsequent

---

**2.** "All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application."

post-conviction proceedings and Stanford's conviction has not been previously attacked, we find that under these circumstances the *Bledsoe* burden has not attached to any grounds being asserted for the first time.

To rule otherwise in the case at bar would be tantamount to finding a waiver of rights and issues by counsel when counsel is acting with the knowledge of the court, contrary to the wishes of his or her client. A rule 16 dismissal is initiated by counsel after which the appellant is notified and given an opportunity to request his appeal be continued. In this case the petitioner resisted dismissal in a timely manner. The ethical dilemma in which counsel is placed in such a situation, torn between his or her duty as an officer of the court and the obligation owed to a client, has caused the Supreme Court of Idaho to announce that it will no longer allow withdrawal of counsel on the ground that the appeal is frivolous. *State v. McKenney*, 98 Idaho 551, 552, 568 P.2d 1213, 1214 (Idaho 1977). For this court to bind an appellant to an action taken by his counsel in derogation of his instructions of which this court has knowledge, would be to establish or maintain an unreasonable procedural bar to post-conviction relief. If the initial order to dismiss was accurate and the appeal is frivolous, it would take little time to resolve. If there is merit to petitioner's ground, then he or she should not be bound by a dismissal to which a timely objection was made.

We, therefore, hold that a rule 16 (now R.App.P. 104) dismissal which is contested or objected to by the appellant does not prevent issues which could have been presented upon direct appeal from being embraced in a petition for post-conviction relief under § 663A.8. We note that this position is consistent with the American Bar Association Project on Minimum Standards for Criminal Justice, *Post-Conviction Remedies*, § 6.1(d), 85 (Approved Draft 1968), and with the language in *State v. Boge* and *Redding v. State.* In so ruling we do not pass upon whether the burden of proof required by *Bledsoe* is applicable where, as in *Bledsoe*, no resistance to the dismissal is filed.

Petitioner is not attempting to submit grounds in a piecemeal fashion as is decried in *Carstens v. Rans*, 210 N.W.2d 663, 664–665 (Iowa 1973), but is simply seeking to complete review of his conviction for the first time. Finding no bar to petitioner's claim, we now address its merits.

■ V. Stanford contends the trial court erred in denying his motion to reopen the case to permit him to pursue and present testimony regarding the content of a Michigan newspaper article which implicated Nabors as having "framed" innocent persons on drug charges in Michigan. Stanford relies largely on the opinion of the Eighth Circuit Court of Appeals in *Johnson v. Brewer*, 521 F.2d 556 (8th Cir. 1975), which involved another person implicated by Roosevelt Nabors during his Waterloo investigations. In that trial Nabors testified that during his work as an informant in Michigan he had reported to authorities that he had made a purchase of drugs from one Matt Durda. Johnson attempted to impeach Nabors by introducing evidence that the Michigan prosecutor later determined Durda to have been framed. The trial court refused to admit this evidence and Johnson made an extensive offer of proof into the record.

We affirmed Johnson's conviction on direct appeal. *State v. Johnson*, 219 N.W.2d 690 (Iowa 1974). In granting habeas corpus relief to Johnson, the Court of Appeals of the Eighth Circuit, at 562 of 521 F.2d, held he should have been allowed to introduce the impeachment testimony, saying: "The exclusion of the testimony proffered as to the attempt by the informant-witness, the only witness to the alleged crime, to frame another defendant in a precisely parallel case went beyond a mere error in the introduction of evidence".

In rejecting the petitioner's argument that *Johnson v. Brewer* does not control the case at bar, the Court of Appeals majority characterized the evidence involved as "an effort to impeach on an immaterial matter," and distinguished *Johnson* on grounds Stanford was not ready to go forward with

evidence at the time of his motion, but was only seeking time to further investigate the allegations or statements contained in the newspaper article. We find this second rationale supports the action of the trial court and the resulting denial of post-conviction relief on the ground asserted.

Before an abuse of discretion may be found on the part of the trial court, we must first consider the adequacy of the showing made by petitioner at trial. Counsel for Johnson made a detailed offer of proof regarding evidence which he was ready to present. *Johnson*, 521 F.2d at 558–559 n. 4. In this case the trial court was presented with a Michigan newspaper article which, in the words of counsel, "brings into issue the corruptible nature of Mr. Nabors." The court admitted the newspaper article into the record, but denied the motion to reopen the case for the introduction of further evidence. Stanford was requesting more time to pursue the subject matter of the newspaper article, the alleged implication of innocent persons by the informant. While at this time, with the benefit of hindsight and the offer of proof made in *Johnson*, it would appear that much could have been made of the Michigan article, at the time of the motion the trial court could only speculate as to what, if any, evidence would be offered and the theory of its admissibility. We conclude that any "offer of proof" made at petitioner's trial was sufficiently vague and without content so as to distinguish *Johnson v. Brewer*.

In *State v. Ritchison*, 223 N.W.2d 207, 212–213 (Iowa 1974), we said:

> The purpose of an offer of proof is to give the trial court a more adequate basis for its evidentiary ruling and to make a meaningful record for appellate review since a reviewing court cannot predicate error upon speculation as to answers which would have been given to questions had objections thereto not been sustained.

Although the case at bar does not involve questions to which objection had been made, the adequacy of an offer of proof remains the central question. If we were to find an abuse of discretion, we would be in effect, supplementing the petitioner's offer of proof at trial with that made in *Johnson*, providing both substance and theory. A showing of the basis for admission of evidence in an offer of proof has generally been held necessary. *State v. Arnold*, 225 N.W.2d 120, 122 (Iowa 1975).

Authority from other jurisdictions supporting the conclusion reached herein regarding the adequacy of an offer of proof is abundant. *People v. Sperl*, 54 Cal.App.3d 640, 126 Cal.Rptr. 907 (1976); *Pack v. State*, 571 P.2d 241 (Wyo.1977); *Phillips v. State*, 351 So.2d 738 (Fla.Dist.Ct.App.1977); *State v. Sullivan*, 553 S.W.2d 510 (Mo.App.1977); *People v. Robinson*, 56 Ill.App.3d 832, 14 Ill.Dec. 117, 371 N.E.2d 1170 (Ill.App.1977); *United States v. Brown*, 540 F.2d 1048 (10th Cir. 1976); *United States v. Oliver*, 525 F.2d 731 (8th Cir. 1975), cert. denied 424 U.S. 973, 96 S.Ct. 1477, 47 L.Ed.2d 743 (1976); *United States v. Costa*, 425 F.2d 950 (2d Cir. 1966), cert. denied 398 U.S. 938, 90 S.Ct. 1843, 26 L.Ed.2d 272 (1970). Of particular note is *Jones v. State*, 576 P.2d 997 (Alaska 1978). In *Jones* an offer of proof regarding evidence reflecting on the moral character of a drug informant was found to be inadequate regarding content and purpose, 576 P.2d 1001, to support reversal on a bias theory, the theory on which the Eighth Circuit relied in *Johnson* and which had been the basis for the decision of the Alaska Supreme Court in *Hutchings v. State*, 518 P.2d 767 (Alaska 1974), a decision cited favorably and heavily relied on in *Johnson*.

While we find no merit in petitioner's contention regarding his motion to reopen the case to permit introduction of new evidence, our holding does not preclude his seeking post-conviction relief on the ground that the information constitutes newly discovered evidence, as permitted by § 663A.2(4), The Code, and elaborated on in *State v. Sims*, 239 N.W.2d 550, 554–555 (Iowa 1976). In brief, petitioner claims that if the trial court did not err in not reopening the case to permit additional testimony, then the evidence of Nabors' Michigan exploits constitutes a ground for relief

under *Sims.* This proposition was not presented to the postconviction trial court and we therefore lack an adequate evidentiary basis to make the requisite *Sims* determinations, although we note that *Johnson* is strong authority for the materiality of the evidence question.

To facilitate disposition of Stanford's petition, we now remand this case to permit Stanford to make the showings required by *Sims* which, if made, would mandate the ordering of a new trial.

VI. In summation we hold: (1) the district court on remand did not err in viewing the Department of Safety files in the presence of counsel, but without their active participation, due to the relevance of the files to ongoing investigations; (2) the record does not show the State to have withheld exculpatory evidence from the petitioner; (3) the dismissal of criminal charges against the informant Nabors was cumulative of evidence in the record and therefore not a ground for post-conviction relief; (4) Stanford is not barred by a Supreme Court Rule 16 dismissal of his direct appeal which he resisted from presenting grounds for relief for the first time; and (5) the original trial court did not abuse its discretion in denying petitioner's motion to reopen the case to permit the introduction of additional testimony.

We remand this case for further proceedings as noted in Division V of this opinion.

The decision of the Court of Appeals is vacated; the judgment of the trial court is affirmed in part; and this case is remanded with directions in conformity with this decision.

DECISION OF COURT OF APPEALS VACATED; TRIAL COURT AFFIRMED, AND CAUSE REMANDED WITH DIRECTIONS.

All Justices concur except McCORMICK, J., who dissents in part.

McCORMICK, Justice (dissenting in part).

I. The court remands this case for further proceedings on a claim which it finds was asserted for the first time on appeal. This is contrary to our general rule, previously applied in postconviction actions, that issues not presented in the trial court cannot be raised for the first time on appeal. *State v. Lemburg,* 257 N.W.2d 39, 46 (Iowa 1977). However, I would reverse and remand the case for new trial on the ground of trial court error in overruling Stanford's motion to reopen.

II. Stanford alleged in the postconviction court and on appeal that the trial court erred in overruling his motion at the conclusion of the evidence to reopen the case to permit him to pursue and present testimony regarding Nabors' alleged participation in "framing" innocent persons on drug charges in Michigan. The motion was based on due process grounds as well as principles governing newly-discovered evidence.

As the court acknowledges, a defendant has a federal constitutional due process right to present extrinsic testimony to establish bias of a witness in circumstances like those in this case. This was the holding in *Johnson v. Brewer,* 521 F.2d 556 (8 Cir. 1975), an analogous case in which Nabors was also involved.

This court distinguishes *Johnson* on the ground the offer of proof was adequate in that case but inadequate in this one. However, when the motion to reopen was made at trial in the present case, the trial court, Engelkes, J., based its ruling on the ground that the evidence, if produced, would be inadmissible. On this basis, Stanford's request to develop additional evidence to supplement his offer of proof was denied.

The postconviction court, presided over by the same judge, confirmed this in the present proceeding, saying it had received the newspaper article as an offer of proof and acknowledging that "if the defense were permitted to bring witnesses before the court who knew the facts concerning the matters related in the newspaper article, they would undoubtedly testify substantially in accordance with what the newspaper article reflected." A defendant

cannot be denied relief for failure to make a sufficient offer of proof when the trial court has refused him that opportunity. *Parrish v. Denato*, 262 N.W.2d 281, 286 (Iowa 1978). I do not believe the trial court's ruling on the motion to reopen can be sustained on the ground of inadequacy of the offer of proof.

Nor do I believe the reasons actually given by the trial court at the time are tenable. The holding in *Johnson* establishes the admissibility of the evidence. Judge Engelkes, who presided at the Johnson trial after Stanford was tried, did not have the benefit of the *Johnson* decision at the time of Stanford's trial, but this does not make the holding any less applicable.

The judge did have the benefit of *Johnson* at the time of the postconviction proceeding and sought to distinguish it upon two grounds. One is the fact Stanford had not laid a foundation during the trial for impeachment of Nabors on this basis. As admitted by the judge in his postconviction ruling, this would have been difficult since Stanford's attorney did not learn of the evidence until after the parties had rested. Presumably, if Stanford's motion to reopen had been sustained, he could have been given the opportunity and burden to lay the necessary foundation. The other ground asserted by the postconviction court is also unsound. It is the alleged immateriality of the evidence. As observed by this court in today's opinion, the materiality of the evidence is established by the federal court's holding in *Johnson*.

I would hold that the postconviction court erred in refusing to order a new trial based upon the trial court's error in overruling Stanford's motion to reopen.