Otto **EVANS**, Appellant,

v.

**STATE of Alaska, Appellee.**

**No. 3175.**

Supreme Court of Alaska.

Feb. 3, 1978.

---

Chris J. Rigos and Sue Ellen Tatter, Asst. Public Defenders, Brian Shortell, Public Defender, Anchorage, for appellant.

David Shimek, Asst. Dist. Atty., and Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

**PER CURIAM.**

Otto Evans was convicted of possession of heroin in violation of AS 17.10.200(a)[1] and sentenced to five years imprisonment with two years suspended. He appeals on the grounds that requested instructions concerning an alleged informant's testimony were not given and that the sentence was excessive.

■ The witness in question was a "special police officer" at the time of the incident but was an informer at the time he testified at trial. Therefore, the informer instruction should have been given, according to our holding in *Fresneda v. State.*[2]

We conclude, however, that the superior court's failure to give Evans' proposed instructions was harmless error in the context of this record. Defense counsel had ample opportunity to cross-examine the witness as to his former convictions, his drug use and his work as a paid informer and did so at length. As a result, any bias, prejudice or interest of the witness was fully exposed for the jury's use in determining credibility. Moreover, the court did give an instruction to the jury to take into account the interest, bias or prejudice of any witness.[3] In light of the facts in this case, we find that the failure to give the instructions did not ap-

1. AS 17.10.200(a) provides:

    *Penalties.* A person who violates any provision of this chapter except a provision relating to the keeping of records, upon conviction, is punishable by a fine of not more than $5,000 and by imprisonment for not less than two nor more than 10 years. For a second offense, or for a first offense where the offender has previously been convicted of a violation of the laws of the United States or of any other state, territory or district relating to narcotic drugs, the offender is punishable by a fine of not more than $7,500 and by imprisonment for not less than 10 nor more than 20 years. For a third or subsequent offense, or if the offender has previously been convicted two or more times of a violation of the laws of the United States or of any other state, territory or district relating to narcotic drugs, the offender is punishable by a fine of not more than $10,000 and by imprisonment for not less than 20 nor more than 40 years.

2. In *Fresneda v. State*, 483 P.2d 1011, 1015 (Alaska 1971), we stated:

    It would appear appropriate because of the known unreliability of certain types of accomplice and informer testimony to adopt in Alaska the requirement that the jury be instructed henceforth from the date of this opinion that the testimony of an informer who provides evidence against a defendant for pay, or for immunity from punishment, or for personal advantage or vindication, must be examined and weighed by the jury with greater care than the testimony of an ordinary witness.

3. Instruction No. 4 specified in part:

    You are the sole judges of the credibility of the witnesses and of the weight to be given to the testimony of each of them. In determining the credit to be given any witness you may take into account his ability and opportunity to observe, his memory, his manner while testifying, any interest, bias or prejudice he may have, and the reasonableness of

preciably affect the verdict,[4] and therefore, the conviction is affirmed.

■ With reference to the sentence appeal, we hold that a trial judge need only demonstrate consideration of sentencing goals stated in *State v. Chaney*, 477 P.2d 411 (Alaska 1970). The trial court need not recite the goals of sentencing as long as it is clear that it has considered those goals. In this case, we find that the judge did consider those goals and hold that he was not clearly mistaken in imposing the sentence.

AFFIRMED.

his testimony considered in the light of all the evidence in the case. Your power of judging the effect of evidence is not arbitrary, but is to be exercised with legal discretion and in subordination of the rules of evidence. . . .

4. *Love v. State*, 457 P.2d 622, 631–32 (Alaska 1969).