James W. ALDRIDGE, Appellant,

v.

STATE of Alaska, Appellee.

No. 2965.

Supreme Court of Alaska.

Sept. 15, 1978.

James H. Cannon, Johnson, Christenson, Shamberg & Glass, Inc., Fairbanks, for appellant.

Natalie K. Finn, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

OPINION

BOOCHEVER, Chief Justice.

James W. Aldridge appeals from his conviction for selling heroin in violation of AS 17.10.010. Three specifications of error are alleged:

(1) That the admission into evidence of a tape recording of conversations by the defendant, in his home, which were transmitted by a small microphone hidden on the state's witness, James Blair, and which was made without benefit of a search warrant or the defendant's consent, violated his rights under the fourth amendment to the United States Constitution and art. I, § 22 of the Alaska Constitution;

(2) That the superior court erred in denying his motions for mistrial based on certain allegedly prejudicial statements made by the state's witnesses; and

(3) That his sentence of five years is excessive.

In view of our disposition of the first issue, we do not reach the second or third issues.

Aldridge's indictment and conviction resulted from a "controlled purchase" set up by the Alaska State Troopers in Fairbanks. In the fall of 1975, Investigator C. R. McCoy, supervisor of the Areawide Narcot-

ics Team, had made an agreement with Phillip Geiger and James Blair that they would work as informers, assisting the state in the arrest and trial of persons involved with narcotics.

On November 21, 1975, Geiger and Blair were approached by Aldridge, who offered to sell them heroin. Later that evening, Blair and Geiger met Aldridge at his apartment where they bought five grams of heroin for $1,000.

The entire transaction was recorded electronically by the state police, who monitored the frequency of a radio transmitting device worn by Blair. The police also kept the informers under visual surveillance when they could be seen.

At Aldridge's trial in February of 1976, the state's case consisted of direct testimony by Geiger and Blair regarding the sale and control procedures, corroborated by the testimony of the police officers who had monitored it and by the tape of the transaction, introduced over Aldridge's objection.

In the course of police officer Craig Forster's testimony, he referred to conversations concerning a .38 caliber pistol in Aldridge's residence. The conversation was overheard by means of the monitoring equipment. Investigator McCoy also testified to overhearing Aldridge suggesting a cocaine "deal." Aldridge objected to this police testimony on several grounds. His motions for mistrial were denied. The jury returned a verdict of guilty.

▮ In our opinion in *State v. Glass*, 583 P.2d 872, Opn. No. 1724 (Alaska, Sept. 15, 1978), we held that warrantless monitoring of private conversations on the mere consent of a participant violates the right of privacy and constitutes an unreasonable search and seizure under art. I, §§ 14 and 22 of the Alaska Constitution. This holding

mandates reversal of Aldridge's conviction due to the introduction and playing of the tape.[1]

▮ Because, on retrial, the police officers will not be permitted to testify regarding the overheard conversations, we need not reach the issues involved in the admission of the allegedly prejudicial statements of those witnesses.[2] The sentence appeal is moot.

REVERSED and REMANDED.

BURKE, Justice, dissenting.

For the reasons expressed in my dissenting opinion in *State v. Glass*, 583 P.2d 872 (Alaska 1978), I disagree with the majority's conclusion that the electronic monitoring and recording of the defendant's conversation violated his rights under art. I, §§ 14 and 22 of the Constitution of Alaska. Being convinced that his other assertions of error are likewise without merit, I would affirm the judgment of the superior court.

---

1. We cannot say that the error was harmless beyond a reasonable doubt. *Cf., Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed. 705, 711 (1967). The *Chapman* test also applies to constitutional error grounded on the Alaska Constitution. *See Braham v. State*, 571 P.2d 631, 645 (Alaska 1977); *State v. Hannagan*, 559 P.2d 1059, 1065 (Alaska 1977); *Evans v. State*, 550 P.2d 830, 840–41 (Alaska 1976).

2. Assuming, without deciding, that the challenged testimony was improper, we do not find upon reviewing the record that the statements were deliberately elicited to abort the trial so that prosecutorial misconduct would bar a second trial. *See Piesik v. State*, 572 P.2d 94, 96–97 (Alaska 1977).