**STATE of Alaska, Petitioner,**

v.

**Michael THORNTON, Respondent.**

**No. 3764.**

Supreme Court of Alaska.

Sept. 15, 1978.

---

**7.** 373 U.S. at 439, 83 S.Ct. at 1388.

**8.** *Id.*

Steven J. Call, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for petitioner.

Mark E. Ashburn, Asst. Public Defender, Fairbanks, Brian Shortell, Public Defender, Anchorage, for respondent.

Before BOOCHEVER, Chief Justice, RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

## OPINION

BOOCHEVER, Chief Justice.

This matter is before us on the State of Alaska's petition for review.[1] The issue presented is nearly identical to the one decided by this court in *State v. Glass*, 583 P.2d 872 (Alaska 1978).

In the case at bar the superior court entered an order suppressing evidence consisting of tape recordings of conversations between respondent Michael Thornton and Phillip Herian, a police informant. Those conversations related to various sales of cocaine allegedly made by Thornton. All such conversations were recorded by Herian or with Herian's consent, but without the prior knowledge of Thornton. Some of the conversations occurred on the telephone. Others took place in Herian's home. The recordings were made without benefit of a search warrant or other order of the court.

The superior court ruled that any electronic surveillance or recording of a conversation between persons "in their homes, in others' homes, in public places or elsewhere," made without either a search warrant or a showing that it was impossible to obtain a search warrant, and notwithstanding that such surveillance or recording was done by or with the consent of one party to the conversation, violates the constitutional rights of a party to the conversation who was not aware of such surveillance or recording.

For the reasons stated in our opinion in *State v. Glass, supra,* we hold that the recording of the conversations in this case violated Thornton's rights under art. I, §§ 14 and 22 of the Alaska Constitution.

Accordingly, the superior court's order is AFFIRMED.

BURKE, J., dissents.

BURKE, Justice, dissenting.

For the reasons expressed in my dissenting opinion in *State v. Glass*, 583 P.2d 872 (Alaska 1978), I disagree with the majority's conclusion that the electronic monitoring and recording of the defendant's conversations violated his rights under art. I, §§ 14 and 22 of the Constitution of Alaska. Thus, I would reverse the superior court's suppression order.

---

1. *See* Appellate Rules 23 and 24.