**Lawrence ROBINSON, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 3393.

Supreme Court of Alaska.

April 20, 1979.

Richard D. Savell\* of Aschenbrenner & Savell, Fairbanks, for appellant.

Rhonda F. Butterfield, Asst. Dist. Atty., and Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

BOOCHEVER, Chief Justice.

Lawrence Robinson was found guilty by a jury of the sale of cocaine and of a separate sale of heroin in violation of AS 17.10.010.[1]

---

\* Mr. Savell was counsel on appeal only, and was not trial counsel.

1.  AS 17.10.010 provides:
    *Acts prohibited.* It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, give, barter, supply or distribute in any manner, or compound any narcotic drug except as authorized in this chapter.

He was sentenced to five years imprisonment with execution thereof suspended for ten months, during which period he was placed on probation subject to certain conditions.

Robinson appeals, contending that the indictment should have been dismissed; that the trial court erred in admitting into evidence testimony as to the chemical contents of the drugs, Exhibits 3 and 4, because of alleged failure to establish the chain of custody; that cross-examination of the informant was unduly restricted; that the court erred in failing to give an informant instruction; that the court erred in admitting into evidence tape recordings made of conversations in the defendant's home by the informant without the defendant's consent and without a warrant; and that the sentence is excessive.

## I

■ No motion was made to dismiss the indictment prior to trial. We find no such plain error as would require consideration of this point for the first time on appeal.[2]

## II

Defendant contends there were irregularities in the chain of custody of Exhibit 3, a plastic bag containing small bags of white powder alleged to be cocaine, and of Exhibit 4, a bag containing three small bags of brownish powder alleged to be heroin. He points out that the informer who purchased the drugs was out of sight of the police for short periods of time after the alleged purchase and before turning the drugs over to the police.

In *Wright v. State*, 501 P.2d 1360, 1372 (Alaska 1972), we stated:

The rule is well settled that in setting up a chain of evidence, the prosecution need not call upon every person who had an opportunity to come in contact with

the evidence sought to be admitted. Similarly, every conceivable possibility of tampering need not be eliminated.

■ Here, the informer testified and thus, there was no break in the chain of custody. There was no evidence that the informer tampered with the evidence. The fact of the informer being out of sight of the police for short periods of time goes to the weight of the evidence, not its admissibility. *See Sullivan v. Municipality of Anchorage*, 577 P.2d 1070, 1073 (Alaska 1978).

## III

■ Robinson next contends that cross-examination of the informant was unduly restricted. Robinson was given full opportunity, however, to bring out the relationship between the informant and the police, the informant's compensation, his alleged drug usage and sales. Questioning also revealed that immediately prior to his return to Alaska to testify, the informant was incarcerated in California on a charge of breaking into a doctor's office. The informant admitted that he had been arrested and imprisoned on that charge which was pending at the time of trial. Based on the witness's fifth amendment rights against self-incrimination,[3] the court refused to compel the informer to testify as to whether he actually had broken into the doctor's office.

Counsel argues that the court placed the witness's fifth amendment rights ahead of the defendant's sixth amendment rights to confront witnesses against him. We find that *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), cited by defendant, is not dispositive here. There, it was held that a defendant's right to cross-examine a witness should have permitted him to expose to the jury for the purpose of showing bias that a juvenile was on probationary

---

2. Criminal Rule 47(b) states:
    (b) *Plain Error.* Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

3. *See generally* McCormick on Evidence § 140 (2d ed. E. Cleary 1972).

status. The right to confrontation took precedence over the state's policy in protecting the exposure of a juvenile's offense.

■ First, we note that *Davis* does not deal with fifth amendment rights against self-incrimination, which are far more significant than the statutory right of a juvenile not to have his or her offense revealed. Second, the purpose of the testimony that Robinson sought to elicit was essentially the same as in *Davis*, to show motive or bias on the part of the witness. In *Davis*, the showing of such bias was effectively foreclosed by prohibiting cross-examination about the juvenile's record. Here, the bias of the informer would be attributable to the pending California charges.[4] The jury was made aware of those charges. Particularly in view of the witness's admission of other criminal conduct, the added effect of securing testimony as to whether he had actually broken into the doctor's office could not have appreciably affected the jury. The trial court did not err in cutting off cross-examination on this collateral matter.[5]

### IV

■ Robinson also contends that the trial court erred in failing to give an instruction that an informer's testimony be viewed with caution. No such requested instruction was submitted to the trial court. In *Evans v. State*, 574 P.2d 24, 25–26 (Alaska 1978) (per curiam), we found that failure to give a requested instruction pertaining to an informer's testimony was harmless error in view of the extensive cross-examination of the witness and the court's general instruction to the jury to take into considera-

tion the interest, bias or prejudice of any witness. Here, the court gave a similar general instruction, and, unlike *Evans*, a more specific informant instruction was not requested. Whether or not the failure to give such an instruction would have been error, if requested, it is clear that the omission was not plain error.[6]

### V

■ The trial court, over objections, admitted into evidence tape recordings of conversations between the informant and Robinson. In *State v. Glass*, 583 P.2d 872 (Alaska 1978), we upheld the suppression of tapes secured by surreptitious recording of conversations without benefit of a search warrant. With the exception of *Glass* and three other cases considered at the same time,[7] however, we have ordered that the *Glass* holding apply only prospectively to police activity occurring on or after September 15, 1978.[8] Since the recordings in this case occurred prior to our opinion in *Glass*, it was not error to admit into evidence the tape recordings of the conversations.

### VI

■ Robinson has also appealed his sentence of five years imprisonment. Medical evidence was presented that Robinson had recently undergone an operation which indicated a malignant tumor of the liver. A doctor's report stated that survival likelihood under such conditions is usually limited to from six months to two years. In view of that report, the court suspended execution of sentence for ten months to

---

4. Robinson asked the informant if he had been promised immunity or leniency on the California charge because of his testimony in the Alaska proceeding. We have found an abuse of discretion when the trial court did not permit such inquiry. *E. g., Whitton v. State*, 479 P.2d 302, 316–18 (Alaska 1970).

5. An evidentiary ruling will be reversed only when an abuse of discretion has occurred. *Hutchings v. State*, 518 P.2d 767, 770 n. 8 (Alaska 1974); *Lewis v. State*, 469 P.2d 689, 695 (Alaska 1970); *see R.L.R. v. State*, 487 P.2d 27, 44 (Alaska 1974).

6. Criminal Rule 47(b), which sets forth requirements for plain error, is quoted at note 2 *supra*.

7. *Coffey v. State*, 585 P.2d 514, 518–19 (Alaska 1978); *Aldridge v. State*, 584 P.2d 1105 (Alaska 1978); *State v. Thornton*, 583 P.2d 886 (Alaska 1978).

8. *State v. Glass*, No. 3565 (Alaska, Jan. 15, 1979). This order was issued after the state filed a petition for rehearing and the parties submitted supplemental briefing on the retroactively of the *Glass* holding.

permit Robinson to put his personal affairs in order and to spend some time with his family.

Robinson had received three suspended sentences for alcohol licensing offenses in the past. The present offenses for which he was convicted are serious drug offenses involving a sale of cocaine for $1,350.00 and a sale of heroin for $300.00.[9] The court reviewed the various criteria set forth in *State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970). In view of Robinson's limited life expectancy, the court understandably placed little emphasis on rehabilitation. The judge, humanely, attempted to reach an accommodation in view of Robinson's malady.

In fact, defense counsel at the time of sentencing stated:

> Your Honor, I feel and Mr. Robinson feels that the court's sentence is in the finest tradition of the judicial system as it maintains discretionary sentencing.

We have reviewed Robinson's contentions and have concluded that the court did not consider impermissible criteria or make improper inferences from the evidence presented. We cannot find that the judge was clearly mistaken in imposing the sentence.[10]

AFFIRMED.

RABINOWITZ, Justice, dissenting in part.

CONNOR, Justice, joins, dissenting in part.

Based on my dissent from the order entered on January 15, 1979, on rehearing in *State v. Glass*, 583 P.2d 872 (Alaska 1978), I disagree with the portion of this opinion which holds that *Glass* does not apply to the instant appeal. Since the appeal in this case was pending before this court on September 15, 1978, the date of the original *Glass* decision, I would hold that the superior court's admission of the tape recordings in the present case was prejudicial error.

I am in agreement with the majority's disposition of all other issues in this appeal.

---

**9.** *See Waters v. State*, 483 P.2d 199 (Alaska 1971).

**10.** *McClain v. State*, 519 P.2d 811, 813 (Alaska 1974).