Melvin Anthony LeDUFF and Michael Wayne Thornton, Appellants,

v.

STATE of Alaska, Appellee.

Nos. 4117, 4136.

Supreme Court of Alaska.

Oct. 24, 1980.

Robert B. Downes, Cole & Downes, Fairbanks, for appellant LeDuff.

David C. Backstrom, Asst. Public Defender, Fairbanks, Brian Shortell, Public Defender, Anchorage, for appellant Thornton.

Dean J. Guaneli, Asst. Atty. Gen., Daniel W. Hickey, Chief Prosecutor, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

PER CURIAM.

Melvin LeDuff and Michael Thornton were tried jointly and convicted for the sale of $75.00 worth of cocaine to a Fairbanks police undercover agent in July, 1977. They have appealed both their convictions and the resulting sentences. Because they raise identical issues, their appeals have been consolidated.

Unbeknownst to LeDuff and Thornton, the agent tape–recorded the sale and several telephone calls leading up to the sale. Over their objections, these recordings were admitted into evidence at their trial. Both now assign this ruling as error, because the agent did not obtain a warrant for his recordings. We held in *State v. Glass*, 583 P.2d 872 (Alaska 1978), that a warrant was necessary in this situation. However, in response to the state's petition for rehearing in that case, we subsequently ruled that the warrant requirement would be applied prospectively only, except for the

four cases considered together on the issue.[1] *State v. Glass*, 596 P.2d 10 (Alaska 1979). No arguments raised by the defendants here persuade us to change that view.[2]

■ LeDuff and Thornton also claim that the trial judge erred in denying their motions for judgment of acquittal.[3] They argue that AS 17.10.010, under which they were charged, prohibits the sale only of natural cocaine, derived from coca leaves,[4] and that the state's chemist testified on cross–examination that his tests did not exclude the possibility that the substance sold by Thornton and LeDuff was D–cocaine, an artificial compound not produced from coca leaves.[5] However, the chemist also testified that to the best of his knowledge D–cocaine had never been synthesized in any quantity. Construing his testimony most favorably to the state,[6] we conclude that reasonable persons could find beyond a reasonable doubt that D–cocaine was not involved here. Hence the motion for judgment of acquittal was properly denied. *See United States v. Hall*, 552 F.2d 273, 276 (9th Cir. 1977), rejecting the "D–cocaine defense" for the same reason.

■ Both defendants claim that their sentences were excessive. LeDuff was sentenced to four years' incarceration, with two suspended. Thornton was given seven years, with four and one–half suspended, because he had a prior drug–related conviction. We find that the sentencing judge properly considered the *Chaney*[7] factors, and acted within the bounds of his discretion in emphasizing the need to deter both defendants from further drug offenses. *Asitonia v. State*, 508 P.2d 1023, 1026 (Alaska 1973).

■ We also cannot conclude that the sentences were clearly mistaken, in spite of the relatively good records of both LeDuff and Thornton.[8] Cocaine offenses are serious; AS 17.10.200 prescribes a maximum sentence of ten years and a minimum of two for any cocaine offense, including possession. We noted in *Waters v. State*, 483 P.2d 199, 201 (Alaska 1971), that sales are more serious than mere possession for personal use. Indeed, just last year we affirmed a three–year unsuspended sentence for sale of a small amount of cocaine by a defendant with a sold employment record and only one shoplifting conviction. *Elliott v. State*, 590 P.2d 881 (Alaska 1979).

The judgment is AFFIRMED.

BOOCHEVER, J., not participating.

---

1. *State v. Glass*, 583 P.2d 872 (Alaska 1978); *State v. Thornton*, 583 P.2d 886 (Alaska 1978); *Aldridge v. State*, 584 P.2d 1105 (Alaska 1978); *Coffey v. State*, 585 P.2d 514 (Alaska 1978).

2. We see no special significance in the fact that one of the cases to which we applied the new warrant requirement, *State v. Thornton*, 583 P.2d 886 (Alaska 1978), involved one of these defendants and the same undercover agent.

3. Alaska R.Crim.P. 29(a).

4. AS 17.10.010 bans the sale of narcotic drugs. AS 17.10.230(13) defines narcotic drugs to include coca leaves and other substances "having similar physiological effects." Section 230(10) defines coca leaves to include "cocaine and any compound, manufacture, salt, derivative, mixture, or preparation of coca leaves, except derivatives of coca leaves which do not contain cocaine, ecgonine or substances from which cocaine or ecgonine may be synthesized or made."

5. Cocaine produced from coca leaves is known as L cocaine. D cocaine (destro cocaine) has the same molecular structure as L cocaine (levo -cocaine); the only difference between the two is the direction in which each will rotate polarized light.

6. *Beavers v. State*, 492 P.2d 88, 97 (Alaska 1971).

7. *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1971).

8. This was LeDuff's first conviction, and Thornton had only one prior misdemeanor drug conviction. LeDuff was a high school graduate with a good employment history. Thornton holds a G.E.D., and his employment record is somewhat spottier, but several friends and relatives vouched for his good character.