NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

NICHOLAS DALE JAMES JOHNSON,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals Nos. A-12911 & A-12912
Trial Court Nos. 3PA-15-01451 CR & 3PA-15-00260 CR

O P I N I O N

No. 2685 — November 13, 2020

Appeal from the District Court, Third Judicial District, Palmer, William L. Estelle, Judge.

Appearances: Rachel E. Cella, Assistant Public Defender, and Beth Goldstein, Acting Public Defender, Anchorage, for the Appellant. Glenn J. Shidner, Assistant District Attorney, Palmer, and Kevin G. Clarkson, Attorney General, Juneau, for the Appellee.

Before: Allard, Chief Judge, and Wollenberg and Harbison, Judges.

Judge WOLLENBERG.

This consolidated appeal arises from probation revocation proceedings in two separate cases. The district court found that Nicholas Dale James Johnson violated his probation in both cases because he failed to comply with a probation

condition requiring him to participate in an Alcohol Safety Action Program (ASAP). After finding that Johnson violated his probation, the district court extended Johnson's term of probation from 3 years to 5 years in one of the cases, and imposed 5 days to serve and a fine of $1,000 in the second case.

Johnson now appeals. Johnson argues that the extension of his term of probation in the first case was illegal. He also argues that the court lacked good cause to revoke his probation in the second case and that the court's imposition of 5 days of incarceration and a $1,000 fine was clearly mistaken.

For the reasons explained in this opinion, we agree with Johnson that the governing law at the time of Johnson's probation revocation proceeding precluded the district court from lengthening Johnson's term of probation in his first case. But we uphold the district court's disposition in Johnson's second case.

*Background facts*

In March 2015, Johnson pleaded guilty to first-degree harassment in case number 3PA-15-00260 CR. For this conviction, the district court sentenced Johnson to 100 days with 80 days suspended, and a 3-year term of probation. As a condition of probation, the court ordered Johnson to complete any treatment recommended by an Alcohol Safety Action Program (ASAP).

Several months later, the State charged Johnson with misdemeanor driving under the influence (DUI) and driving while license revoked in case number 3PA-15-01451 CR. In November 2015, Johnson pleaded guilty to both charges. For the DUI conviction, the court sentenced Johnson to 130 days with 100 days suspended, a fine of $6,000 with $3,000 suspended, and a 5-year term of probation. As a condition of probation, the court ordered Johnson to complete ASAP. For the driving

while license revoked conviction, the court sentenced Johnson to 90 days with 80 days suspended, a fine of $2,000 with $500 suspended, and a 1-year term of probation.

One month later, in December 2015, the State petitioned to revoke Johnson's probation in both cases for failure to comply with the ASAP requirement. In January 2016, Johnson admitted to the probation violation in the harassment case, and the court reassigned him to ASAP. The State withdrew the petition to revoke probation in the DUI case.

Through ASAP, Johnson selected Set Free Alaska as his treatment provider. Following a substance abuse evaluation, Set Free Alaska recommended that Johnson engage in intensive outpatient treatment.

Later, in April 2016, the State petitioned to revoke Johnson's probation in the DUI case, alleging that he had committed a new criminal offense. (The State did not petition at that time to revoke Johnson's probation in the harassment case.) During the pendency of these probation revocation proceedings, in June 2016, Set Free Alaska reported that Johnson was not in compliance with treatment.

In August 2016, after Johnson admitted to the probation violation, the court imposed 10 days of previously suspended jail time in Johnson's DUI case, and reassigned him to ASAP. (Johnson had also apparently contacted ASAP by then and been reassigned to Set Free Alaska for treatment.)

In September 2016, Set Free Alaska again reported Johnson out of compliance. ASAP contacted Johnson and referred him back to treatment. In November 2016, Set Free Alaska yet again reported Johnson out of compliance, and ASAP was unsuccessful in contacting him.

Accordingly, in December 2016, the State petitioned to revoke Johnson's probation in both cases for non-compliance with the ASAP requirement. These revocation proceedings are the subject of this appeal.

The court held a contested adjudication hearing on the petitions to revoke Johnson's probation. Following the presentation of evidence, the court found that Johnson had violated the ASAP condition in both cases. The court also found that there was good cause to revoke Johnson's probation.

In the harassment case, the district court extended Johnson's term of probation from 3 years to 5 years, and then reassigned him to ASAP. The court did not impose any time to serve.

In the DUI case, the court imposed 5 days to serve, ordered Johnson to pay $1,000 of the previously suspended DUI fine, and then reassigned him to ASAP. (The court permitted Johnson to do 40 hours of community work service in lieu of serving 5 days of incarceration.)

This appeal followed.


*Why we conclude that the district court lacked the authority to extend Johnson's term of probation in his harassment case*

Johnson challenges the district court's extension of his term of probation in his first-degree harassment case. Johnson notes that, prior to his disposition hearing, the legislature significantly reduced the maximum term of probation for all misdemeanor offenses — and he argues that this statutory change precluded any further extension of his 3-year term of probation.

When Johnson was first sentenced in 2015, the maximum term of probation for all misdemeanor and felony offenses (with the exception of felony sex

offenses) was 10 years.[1]  Pursuant to a plea agreement with the State, the court imposed a 3-year term of probation for Johnson's first-degree harassment conviction.

But in 2016, the legislature revised the maximum terms of probation set out in AS 12.55.090(c).[2]  Under the revised statute, which took effect on July 12, 2016, the legislature reduced the maximum term of probation for all misdemeanor offenses.[3]  Depending on the offense, the maximum term of probation for a misdemeanor under the revised statute ranged from 1 year to 3 years.[4]  Despite this change, at Johnson's probation revocation proceeding in 2017, the court increased Johnson's term of probation from 3 to 5 years.

The question before us is which version of the law applied when the district court extended Johnson's term of probation.  The State contends that Johnson's disposition hearing was governed by the version of AS 12.55.090(c) that was in effect when Johnson was sentenced in 2015.  In contrast, Johnson contends that his disposition hearing was governed by the law in effect at the time the district court extended his probation.

---

[1]  Former AS 12.55.090(c) (2015).  The maximum term of probation for a felony sex offense was 25 years.  *Id.*

[2]  SLA 2016, ch. 36, § 79.

[3]  *Id.* at §§ 79, 188; *see Jonas v. State*, 2018 WL 3769174, at *3 n.13 (Alaska App. Aug. 8, 2018) (unpublished) (explaining the July 12, 2016 effective date of the revised AS 12.55.090(c)).

[4]  Former AS 12.55.090(c)(4)-(6) (version effective July 12, 2016).  The statute set out maximum probation terms for felony offenses, ranging from 5 to 15 years.  Former AS 12.55.090(c)(1)-(3) (version effective July 12, 2016).

In interpreting a statute, we examine the plain meaning, the legislative history, and the legislative purpose of the statute.[5] Based on this examination, we agree with Johnson that the trial court was precluded from extending his probation beyond its original 3-year term. There is no question that when Johnson was originally sentenced in 2015, the trial court had the authority to impose a probation term of up to 10 years. But when the legislature revised AS 12.55.090(c), it expressly stated that the revised statute "applie[d] to probation ordered on or after the effective date . . . for offenses committed before, on, or after the effective date."[6] When the district court extended Johnson's probation term from 3 to 5 years, it was ordering an additional period of probation.

Moreover, the statute itself stated that "[t]he period of probation, *together with any extension*, may not exceed" the relevant maximum term.[7] Reading the statute and the applicability provision together, we conclude that the legislature intended that any new periods of probation — as well as any extensions of the original probation period — ordered on or after the effective date of the revised statute would not exceed the maximum terms of probation set out in that statute.

This interpretation comports with the purpose of the statutory change at the time, which was to focus supervision resources on "high-needs" probationers.[8] It

---

[5]    *Alaska Trustee, LLC v. Bachmeier*, 332 P.3d 1, 7 (Alaska 2014).

[6]    SLA 2016, ch. 36, §§ 79, 185.

[7]    Former AS 12.55.090(c) (version effective July 12, 2016) (emphasis added).

[8]    Senator John Coghill, Sponsor Statement for Senate Bill 91, Version N at 2 (Mar. 28, 2016) (stating that the intent of the revision was to strengthen probation supervision in part by focusing treatment resources on "high-needs offenders"); *see also* Alaska Criminal Justice Commission, *Justice Reinvestment Report*, at 13, 24-25 (Dec. 2015) (recommending

(continued...)

makes little sense that the legislature would have intended to cap the term of probation imposed at new sentencing hearings for misdemeanor convictions, but continue to allow judges at disposition hearings to extend probation for those same offenses up to 10 years.

We addressed a similar issue in *Grim v. State*.[9] In *Grim*, we held that — when the legislature reduced the applicable sentencing ranges between the time of Grim's original sentencing hearing and his re-sentencing following a remand from this Court — Grim's case was governed by the reduced sentencing ranges in effect at the time of Grim's re-sentencing hearing. We noted that the legislature had expressly provided that the reduced presumptive sentencing ranges would "apply to sentences imposed on or after the effective date of those sections for conduct occurring before, on, or after the effective date of those sections."[10] (The effective date for the new sentencing ranges, like the effective date for the revised maximum probation terms, was July 12, 2016.[11]) We therefore concluded that the new sentencing ranges applied even to re-sentencing hearings — and in particular, to sentences imposed on or after

---

[8]   (...continued)
reduced maximum probation terms in order to "more effectively focus scarce probation and parole resources on offenders at the time they are most likely to re-offend or fail," in the first few months after initial release from incarceration).

[9]   *Grim v. State*, 2019 WL 3814432, at *1 (Alaska App. Aug. 14, 2019) (unpublished).

[10]   *Id.* at *2 (quoting SLA 2016, ch. 36, § 185(u)).

[11]   SLA 2016, ch. 36, §§ 88-90, 188; *see Jonas v. State*, 2018 WL 3769174, at *3 n.13 (Alaska App. Aug. 8, 2018) (unpublished).

July 12, 2016 "when the judge is either required to, or discretionarily decides to, hold a sentencing hearing in order to resentence a defendant."[12]

The reasoning in our decision in *Grim* applies equally to Johnson's case. Johnson was ordered to spend additional time on probation after July 12, 2016 for an offense he had committed before that date. Under the version of AS 12.55.090(c) in effect at the time of Johnson's disposition hearing in June 2017, the court had no authority to further extend Johnson's period of probation.

The legislature has since repealed the 2016 version of AS 12.55.090(c).[13] Under the current version of AS 12.55.090(c), enacted in 2019, the maximum term of probation that can be imposed for Johnson's first-degree harassment conviction is again 10 years. But this change applies only "to conduct occurring *on or after* the effective date" of this change.[14] Thus, on remand, the district court cannot extend Johnson's probation beyond 3 years because the conduct at issue in this appeal occurred prior to the effective date of the current version of AS 12.55.090(c).

Accordingly, we vacate the 5-year term of probation in case number 3PA-15-00260 CR. On remand, the district court is directed to reinstate the original 3-year term of probation in that case.

*Why we uphold the district court's disposition in Johnson's DUI case*

Johnson argues that the district court lacked good cause to revoke his probation in his DUI case. In the alternative, Johnson argues that the court was clearly

---

[12]  *Grim*, 2019 WL 3814432, at *2.

[13]  FSSLA 2019, ch. 4, § 68 (House Bill 49).

[14]  *Id.* at § 142(d) (emphasis added).

mistaken in imposing 5 days of his previously suspended sentence (or 40 hours of community work service) and $1,000 of his previously suspended fine.

Probation revocation proceedings involve a two-step process. The first question is whether the probationer violated a condition of probation.[15] If the trial court finds a violation, the court then proceeds to the second stage of the proceedings and determines the proper disposition.[16] The trial court's determination of whether there is "good cause" to revoke probation and impose a term of incarceration is part of this second stage.[17]

In order to find "good cause" to revoke a defendant's probation, the court must conclude that "continuation of [the current] probationary status would be at odds with the need to protect society and society's interest in the probationer's rehabilitation."[18] In other words, a violation of a condition of probation should result in revocation only "when that violation indicates that the corrective aims of probation cannot be achieved" without returning the probationer to prison.[19]

Here, the district court found, and Johnson concedes, that he violated the terms of his probation by failing to comply with the ASAP requirement. But Johnson

---

[15]  *Trumbly v. State*, 515 P.2d 707, 709-10 (Alaska 1973).

[16]  *State v. Pulusila*, 467 P.3d 211, 218 (Alaska 2020) (discussing and reaffirming *Trumbly*, 515 P.2d at 709-710).

[17]  *Id.* (citing *Holton v. State*, 602 P.2d 1228, 1239 (Alaska 1979)); *Trumbly*, 515 P.2d 709; *see also* AS 12.55.110(a) ("When [a] sentence has been suspended, it may not be revoked except for good cause shown.").

[18]  *Pulusila*, 467 P.3d at 217-18 (quoting *Trumbly*, 515 P.3d at 709).

[19]  *Id.* (quoting *Trumbly*, 515 P.3d at 709).

disagrees that this finding, in light of the circumstances surrounding Johnson's violation, established good cause to revoke his probation.

At the contested adjudication hearing, the ASAP program manager testified that, following Johnson's last reassignment to ASAP in October 2016, he failed to contact Set Free Alaska, the outpatient provider to whom he had been referred. The program manager also testified to Johnson's multiple reassignments to Set Free Alaska from June 2016 to October 2016.

Johnson — who worked in construction — testified that his work schedule interfered with his ability to comply with ASAP. In particular, Johnson testified that in the summer of 2016, his work involved long hours, and he was unable to meet the attendance requirements of the treatment program. But Johnson acknowledged that since construction work is seasonal and primarily occurs during the summer, the hours he worked varied depending on the time of year. He also acknowledged that he was out of compliance with treatment in the fall of 2016, but he claimed that staff at Set Free Alaska advised him that they would contact ASAP to report his non-compliance and that, after a ninety-day waiting period, he could continue with his treatment.

The district court found that there was good cause to revoke Johnson's probation. The court noted that Johnson had "been through a couple of rounds of PTRs and reassignments to ASAP." The court appreciated the conflict that might arise between attending treatment and working construction during the height of the season. But the court found that Johnson had made a choice to prioritize working over complying with treatment, despite the legal obligation that he had to fulfill this condition of probation in two unrelated cases. The district court also found that Johnson had failed to take responsibility for complying with ASAP and was instead

blaming the treatment provider for failing to inform ASAP staff about the delays he was experiencing in treatment due to his job.

The district court reviewed Johnson's extensive criminal history, which included multiple convictions for assault and violating domestic violence restraining orders. The court noted that Johnson had two DUI convictions — both with high blood alcohol levels — as well as prior petitions to revoke probation. The court found that in light of Johnson's criminal history, "compliance with probation [was] not a new experience" for him.

We conclude that, based on this history and evidence of Johnson's past alcohol abuse, the district court could reasonably find that compliance with ASAP was a primary aspect of Johnson's rehabilitation and that Johnson's repeated failure to meet this condition constituted good cause to revoke his probation.

In the alternative, Johnson argues that the district court gave inadequate consideration to the *Chaney* factors and imposed a sentence that is inconsistent with Johnson's rehabilitation.[20]

Although the district court did not expressly discuss the *Chaney* factors, the court generally addressed the important circumstances of Johnson's cases.[21] For instance, the court considered the seriousness of Johnson's offenses, his extensive criminal history, his prior failures to comply with ASAP, and his prior revocations where he was given additional chances to comply with probation.

Johnson agrees that the court considered these aspects of the case, but he contends that the court was required to discuss the relative seriousness of the probation

---

[20]   *See State v. Chaney*, 477 P.2d 441, 443-44 (Alaska 1970); AS 12.55.005.

[21]   *See Evans v. State*, 574 P.2d 24, 26 (Alaska 1978) ("The trial court need not recite the goals of sentencing as long as it is clear that it has considered those goals.").

violation and Johnson's rehabilitative potential.  But the core of the court's remarks focused on Johnson's repeated decisions to give ASAP a low priority, despite the role alcohol had played in his underlying offenses.  The district court expressly noted that Johnson's DUI in this case was aggravated due to his high breath alcohol level (.197 percent) — and the record shows both that Johnson's breath alcohol level in his prior DUI was even higher (.264 percent), and that the harassment offense also involved alcohol.

Given this record, it is clear that the district court considered substance abuse treatment an important part of Johnson's rehabilitation.  The court could reasonably find that Johnson's repeated failure to complete ASAP was an important factor in the sentencing decision.

We review excessive sentence claims under a deferential clearly-mistaken standard.[22]  This test is "founded on two concepts:  first, that reasonable judges, confronted with identical facts, can and will differ on what constitutes an appropriate sentence; [and] second, that society is willing to accept these sentencing discrepancies, so long as a judge's sentencing decision falls within a permissible range of reasonable sentences."[23]

Having reviewed the record, we conclude that the sentence imposed upon the revocation of Johnson's probation in the DUI case was not clearly mistaken.

*Conclusion*

---

[22]  *McClain v. State*, 519 P.2d 811, 813-14 (Alaska 1974).

[23]  *Erickson v. State*, 950 P.2d 580, 586 (Alaska App. 1997) (internal quotation marks and citations omitted).

With respect to case number 3PA-15-01451 CR, we AFFIRM the district court's judgment.

With respect to case number 3PA-15-00260 CR, we VACATE the district court's order extending Johnson's term of probation to 5 years, and we REMAND this case for the district court to correct the judgment to reflect the original 3-year term of probation. With that exception, we AFFIRM the judgment.